**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

April 14, 2022

**VIA ECF**
Hon. Philip M. Halpern, U.S.D.J.
Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

                Re: *Larry Boggs, et al. v. The Home Depot, Inc., et al.*, Case No. 21-cv-06750
                      PRE-MOTION LETTER

Dear Judge Halpern:

      We represent defendants The Home Depot, Inc. ("Home Depot, Inc."), Home Depot U.S.A., Inc. ("Home Depot U.S.A."), and The Home Depot Foundation & Homer Fund ("Home Depot Foundation" and, collectively, the "Defendants") in the above-referenced action. We write pursuant to Rules 2(C) and 4(C) of Your Honor's Individual Practices in Civil Cases, and Your Honor's Order, dated April 4, 2022 (Dkt. No. 23) to request that a pre-motion conference be scheduled regarding Defendants' anticipated motion to dismiss the First Amended Complaint ("Amended Complaint") of Plaintiffs Larry Boggs and Denise Boggs' (the "Plaintiffs") pursuant to Fed.R.Civ.P. 12(b)(6).

A.      <u>Applicable Legal Standards</u>

      Under Rule 12(b)(6), courts are authorized to dismiss with prejudice a complaint, in whole or in part, that "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Meeting this standard of

plausibility requires that that the plaintiff "demonstrate more than a 'sheer possibility' of unlawful action." *Shervington v. Vill. of Piermont*, No. 09 Civ. 4273, 2010 WL 93158, at *2 (S.D.N.Y. Jan. 7, 2010).  While a complaint need not present "detailed factual allegations," a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  Plaintiffs have failed to state a claim under any of their four causes of action and, therefore, the Amended Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

B.  Plaintiffs Have Failed to State a Claim Under the New York State Human Rights Law

Plaintiffs' fail to state a claim under the New York State Human Rights Law ("NYSHRL") because they have failed to alleged how they were denied access to a place of public accommodation. The NYSHRL prohibits discrimination on the basis of disability in "any place of public accommodation." N.Y. Exec. Law § 296(2)(a).  To state a claim, a plaintiff must allege that: (1) he is disabled within the meaning of the NYSHRL; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against him by denying him a full and equal opportunity to enjoy the services the defendant provides. *Grinblat v. Apna Food & Oil Corp.*, No. 19-CV-6746, 2020 WL 7481508, at *4 (E.D.N.Y. Aug. 26, 2020).  Here, Plaintiffs make no allegations regarding how they were denied access to a place of public accommodation. As such, Plaintiffs have failed to state a claim under the NYSHRL. *See, e.g., Sgromo v. Peacock Alley Entm't*, No. 20-CV-6658 (LLS), 2020 WL 5441324, at *3 (S.D.N.Y. Sept. 9, 2020) (dismissing ADA claim where plaintiff did not allege that he was denied access by defendant).

To the extent Plaintiffs' claim is premised on their alleged inability to access benefits associated with their home, their claim must also be denied.  It is well-established that a private

residence is not a "place of public accommodation". S*ee Reid v. Zackenbaum*, 2005 WL 1993394, at *4 (E.D.N.Y. Aug. 17, 2005) ("A residential facility, such as an apartment, is not a public accommodation."); *Bobrowsky v. Curran*, 333 F. Supp. 2d 159, 163 (S.D.N.Y. 2004) ("There is no question that the property at issue in the case at bar (a) is privately owned, (b) does not affect commerce, and (c) does not fall into any of the categories set forth in § 12182.").

C.      Plaintiffs Have Failed to State a Claim for Breach of Contract

Plaintiffs fail to state a claim for breach of contract because they cannot identify a contract between Plaintiffs and Defendants that was breached, and Plaintiff have failed to adequately allege that they are an intended third-party beneficiary with the right to seek to enforce the contract at issue.  To state a claim for breach of contract, a plaintiff must allege "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Forrest v. Unifund Fin. Grp., Inc.*, No. 04 CIV. 5151 (LTS), 2005 WL 1087490, at *5 (S.D.N.Y. May 6, 2005). Plaintiff fails to state a claim for breach of contract for a number reasons.

First, neither Home Depot, Inc. nor Home Depot U.S.A. are parties to the contract at issue.  As such, Plaintiff's breach of contract claim must be dismissed against Home Depot, Inc. and Home Depot U.S.A. as a matter of law.  *Danusiar v. Auditchain USA, Inc.*, No. 20-CV-1477 (KNF), 2020 WL 6126378, at *11 (S.D.N.Y. Oct. 8, 2020)

Second, Plaintiffs are not parties to the contract at issue.  As clearly reflected in Exhibit A to the Amended Complaint, the contract at issue is between the Home Depot Foundation and Action Towards Independence ("ATI").  Since Plaintiffs are not parties to the contract at issue they are not able to enforce the agreement. *See Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151,

3

158 (S.D.N.Y. 2014) ("plaintiffs … cannot rely on this language to bring a breach of contract claim, because they were not parties to a contract containing this language.").

Finally, Plaintiffs' attempt to assert a breach of contract claim as a third-party beneficiary also fails because they have failed to sufficiently plead that they have the ability to enforce the contract at issue, as the contract on its face does not clearly indicate that the was an intent to permit enforcement by a third-party. *See Dormitory Auth. v. Samson Constr. Co.*, 30 N.Y.3d 704, 710, 94 N.E.3d 456, 459 (2018) (third party enforcement available "when the third party is the only one who could recover for the breach or when it is otherwise clear from the language of the contract that there was 'an intent to permit enforcement by the third party'"); *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) ("A non-party to a contract governed by New York law lacks standing to enforce the agreement in the absence of terms that 'clearly evidence[ ] an intent to permit enforcement by the third party' in question.").

D.     Plaintiffs Have Failed to State a Claim under Section 1981

Plaintiffs cannot establish that they were a party to a contract with Defendants. Failure to establish the existence of a contract that was impeded is fatal to Plaintiffs §1981 claim. *See, e.g., Robledo v. Bond No. 9*, 965 F. Supp. 2d 470, 477 (S.D.N.Y. 2013) (dismissing § 1981 claim where plaintiffs "failed to identify specific contracts … which were allegedly impeded by [the d]efendants' discriminatory conduct.").

Further, even if Plaintiffs' could identify a contractual right that Defendants have interfered with, their § 1981 must still fail because Plaintiffs have failed to plead any specific facts that could indicate such alleged interference *was because of their race*. Instead, Plaintiff merely makes conclusory, speculative and factually unsupported allegations about the alleged motives of Defendants – allegations which are insufficient to withstand a motion to dismiss. *See,*

4

*e.g., Larkem v. French Inst. All. Francaise*, No. 21-CV-2795 (LTS), 2021 WL 1841686, at *2 (S.D.N.Y. May 7, 2021) (dismissing § 1981 claims because "Plaintiff does not allege any facts suggesting that his race … played any role in Defendants' treatment of him.").

E.  Plaintiffs Have Failed to State a Claim under Section 1982

Plaintiffs' §1982 must be dismissed because the Amended Complaint is devoid of any allegations about how the Defendants deprived Plaintiffs of property rights.[1]  As alleged in the Amended Complaint, the Defendants made a grant to ATI to provide funds for volunteers to complete certain renovations.  This grant to ATI and the subsequent work performed did not interfere with Plaintiffs' rights "to inherit, purchase, lease, sell, hold, and convey real and personal property."  As such, Plaintiffs have failed to state a claim under Section 1982. *See, e.g., Tower Props. LLC v. Vill. of Highland Falls*, No. 14-cv-4502 (NSR), 2015 WL 4124499 (S.D.N.Y. Jul. 7, 2015) (dismissing §1982 claim where plaintiff failed to plead interference with a property right); *Prompt Courier Service, Inc. v. Koch*, No. 89 Civ. 3053 (RWS), 1990 WL 100904 (S.D.N.Y. Jul. 12, 1990) (dismissing §1982 claim "[s]ince plaintiffs' case does not concern the lease, sale, use or conveyance of real or personal property.").

F.  Conclusion

Since Plaintiffs' Amended Complaint fails to state a claim, Defendants request that a pre-motion conference be scheduled regarding Defendants' anticipated motion to dismiss.

                                              Best regards,

                                              */s/ Sean J. Kirby*
                                              Sean J. Kirby

---

[1] Section 1982 provides that "[a]ll citizens of the United States shall have the same right … to *inherit, purchase, lease, sell, hold, and convey* real and personal property." 42 USCS § 1982 (emphasis added). A plaintiff must identify one of these activities to prevail on a §1982 claim. *See Okudinani v. Rose*, 779 Fed. Appx. 768, 771 (2d. Cir. 2019).